**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

DAYS INNS WORLDWIDE, INC., a Delaware Corporation,

Plaintiff,

v.

THAKORJI MAHARAJ, LLC, a Texas Limited Liability Company,

Defendant.

Case No. 15-CV-876

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

This is an action by plaintiff Days Inns Worldwide, Inc. ("DIW") for trademark infringement and unfair competition against defendant Thakorji Maharaj, LLC ("Thakorji Maharaj"), pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Texas state law, as the result of Thakorji Maharaj's unauthorized infringing use of DIW's service marks, which is likely to cause confusion in the marketplace regarding the source of guest lodging facility services.

**PARTIES, JURISDICTION AND VENUE**

1. DIW is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey.

2. Thakorji Maharaj, on information and belief, is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 3840 Innisbrook Drive North, Irving, Texas, 75038.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Thakorji Maharaj resides in and/or conducts business in this District. A substantial part of the events giving rise to this action occurred in this District, and the majority of the subject property is located herein.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Days Inn® Marks

5. DIW is one of the largest guest lodging facility franchise systems in the United States, and is widely known as a provider of guest lodging facility services.

6. DIW owns and has the exclusive right to license the use of the service mark DAYS INN and various related trade names, trademarks and service marks (certain of which are on the principal register of the United States Patent and Trademark Office), logos, and derivations thereof (the "Days Inn® Marks"), as well as the distinctive Days Inn® System, which provides guest lodging services to the public under the Days Inn® name and certain services to its franchisees, including a centralized reservation system, advertising, publicity, and training services.

7. DIW or its predecessors first used the DAYS INN mark in 1970 and the Days Inn® Marks are in full force and effect. All of the registered Days Inn® Marks are incontestable pursuant to 15 U.S.C. § 1065.

8. DIW has given notice to the public of the registration of the Days Inn® Marks as provided in 15 U.S.C. § 1111.

9. DIW uses or has used the words "Days Inn," among others, as abbreviations of its brand name.

10. DIW has registered the Days Inn® Marks as service marks with the U.S. Patent

and Trademark Office ("USPTO") and owns the following valid service mark registrations for the Days Inn® Marks:

| Mark | | Reg. No. | Reg. Date |
|---|---|---|---|
| DAYS HOTEL | | 1518523 | Dec-27-1988 |
| DAYS HOTEL & Design-Color | Days Hotel | 3441523 | Jun-3-2008 |
| DAYS HOTEL & SUNBURST DESIGN | DAYS HOTEL | 1518524 | Dec-27-1988 |
| DAYS INN | | 1160430 | Jul-7-1981 |
| DAYS INN & Design | Days Inn | 3441519 | Jun-3-2008 |
| DAYS INN & SUITES & Design/Color | Days Inn & Suites | 3441522 | Jun-3-2008 |
| DAYS INN & SUNBURST DESIGN | DAYS INN | 1160431 | Jul-7-1981 |
| DAYS INN & Sunburst Design/Color | Days Inn | 3441518 | Jun-3-2008 |
| DAYS INN BUSINESS PLACE | | 2459053 | Jun-12-2001 |

| DAYS SUITES | | 1665307 | Nov-19-1991 |
|---|---|---|---|

11. The USPTO registrations for the Days Inn® Marks are valid, subsisting and in full force and effect and appear on the Principal Trademark Register of the USPTO. All of the Days Inn® Marks have achieved incontestable status pursuant to the Lanham Act, 15 U.S.C. § 1065. Such incontestable federal registrations for the Days Inn® Marks constitute conclusive evidence of the validity of the Days Inn® Marks and DIW's ownership of the Days Inn® Marks and the exclusive right to use the marks nationwide.

12. Through its franchise system, DIW markets, promotes, and provides services to its guest lodging franchisees throughout the United States. In order to identify the origin of their guest lodging services, DIW allows its franchisees to utilize the Days Inn® Marks and to promote the Days Inn® brand name.

13. DIW has made, over the course of many years, and continues to make, extensive use of the Days Inn® Marks. It has advertised, marketed and provided services in connection with the Days Inn® Marks to such an extent that consumers know and recognize the Days Inn® Marks and associate them with DIW and the high-value lodging facilities and services it provides to consumers.

14. DIW has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and service marks to cause consumers throughout the United States to recognize the Days Inn® Marks as distinctly designating DIW guest lodging services as originating with DIW.

15. The value of the goodwill developed in the Days Inn® Marks does not admit of precise monetary calculation, but because DIW is one of the largest guest lodging facility

franchise systems in the United States and is widely known as a provider of guest lodging facility services, the value of DIW's goodwill exceeds hundreds of millions of dollars.

16. The Days Inn® Marks are indisputably among the most famous in the United States.

**Factual Allegations**

17. On or about September 27, 2010, DIW entered into a franchise agreement (the "Franchise Agreement") with Hemraj, LLC for the operation of a 50-room Days Inn® guest lodging facility located at 1495 East Industrial Drive, Sulphur Springs, Texas 75482, designated as Site No. 42751-96240-01 (the "Facility").

18. On or about October 24, 2012, DIW terminated the Franchise Agreement, effective October 24, 2012, and advised Hemraj, LLC that (a) it was to immediately discontinue the use of all trade names, service marks, signs, and other forms of advertising, and other indicia of operation as a Days Inn® Facility, and to discontinue the use of other materials on the premises effectively to distinguish the same from its former appearance as a Days Inn® System facility, (b) all items bearing the Days Inn® Marks had to be removed, (c) all signs and any listings in directories and similar guides in which the Facility was identified as a Days Inn® had to be changed, and (d) it had to de-identify the Facility within 10 days from the receipt of the notice.

19. The termination of the Franchise Agreement precluded Hemraj, LLC from any further use of the Days Inn® Marks in or around the Facility.

20. After the termination of the Franchise Agreement, Hemraj, LLC failed to remove certain Days Inn® Marks at the Facility.

21. On or about December 20, 2013, Thakorji Maharaj obtained possession of the Facility.

22. Since obtaining possession of the Facility, Thakorji Maharaj has continued to use the Days Inn® Marks to induce the traveling public to rent guest rooms at the Facility.

23. Since obtaining possession of the Facility, Thakorji Maharaj has used the Days Inn® Marks without authorization to rent rooms through, among other things, failure to remove Days Inn® signage and continuing to identify the Facility as a Days Inn® guest lodging facility.

24. By letter dated July 15, 2015, a true copy of which is attached as Exhibit A, DIW, through its attorneys, LeClairRyan, advised Thakorji Maharaj that it was to immediately cease and desist from using the Days Inn® Marks.

25. By email dated December 3, 2015, a true copy of which is attached as Exhibit B, DIW, through its attorneys, LeClairRyan, advised Thakorji Maharaj that it was to immediately cease and desist from using the Days Inn® Marks.

26. Thakorji Maharaj has continued to misuse the Days Inn® Marks despite receiving notification from DIW to cease and desist from the misuse of the Days Inn® Marks.

**FIRST COUNT**
**Service Mark Infringement under the Lanham Act (15 U.S.C. § 1114)**

27. DIW incorporates by reference the allegations in the preceding paragraphs of the Complaint.

28. DIW is the owner of the Days Inn® Marks that are the subjects of the registrations described in Paragraph 10 of this Complaint.

29. DIW uses the Days Inn® Marks in commerce in connection with the offering for guest lodging services and related services.

30. DIW's Days Inn® Marks are prima facie valid and DIW's rights in certain of the Days Inn® Marks are incontestable.

31. Thakorji Maharaj has used and continues to use service marks in interstate commerce for its guest lodging services, which marks are confusingly similar to DIW's Days Inn® Marks, without DIW's consent.

32. Thakorji Maharaj's actions are likely to cause, have caused and will continue to cause confusion, mistake and deception in the minds of customers as to the source or origin of Thakorji Maharaj's services.

33. Thakorji Maharaj's conduct described herein constitutes service mark infringement under 15 U.S.C. § 1114.

34. Upon information and belief, Thakorji Maharaj acted with full knowledge that its actions were intended to be used to cause confusion, mistake, and to deceive consumers, which constitutes a willful violation of 15 U.S.C. § 1114.

35. On information and belief, Thakorji Maharaj had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

**SECOND COUNT**
**False Designation of Origin under the Lanham Act (15 U.S.C. § 1125)**

36. DIW incorporates by reference the allegations in the preceding paragraphs of the Complaint.

37. Thakorji Maharaj has used the name and mark "Days Inn" in interstate commerce in connection with offering guest lodging services.

38. Thakorji Maharaj's use of the mark "Days Inn" has caused and is likely to continue to cause confusion or mistake, or to deceive consumers and potential consumers, the

public and the trade who recognize and associate DIW with the Days Inn® Marks and are likely to believe that there is an affiliation, connection, or association between the Thakorji Maharaj and DIW when there is no such affiliation, connection or association, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

39. On information and belief, Thakorji Maharaj had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

40. Thakorji Maharaj's activities constitute false designation of origin with the meaning of 15 U.S.C. § 1125(a).

41. DIW has been injured by Thakorji Maharaj's false and misleading advertising in violation of 15 U.S.C. § 1125(a).

42. Upon information and belief, Thakorji Maharaj acted willfully, with full knowledge of DIW's rights in the Days Inn® Marks, and those acts constitute a willful violation of 15 U.S.C. § 1125(a).

**THIRD COUNT**
**Counterfeit of Registered Mark under the Lanham Act (15 U.S.C. § 1114(1)(a)**

43. DIW incorporates by reference the allegations in the proceeding paragraphs of the Complaint.

44. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

45. The Lanham Act, 15 U.S.C. § 1116(d)(1)(B)(i), defines a counterfeit mark as "a mark that is registered on the Principal Register in the United States Patent and Trademark Office for such goods and services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered."

46. Thakorji Maharaj marketed, promoted, and rented, and continues to market, promote, and rent rooms at the Facility through the use of counterfeit Days Inn® Marks, and such use caused and is likely to continue to cause confusion or mistake among prospective or actual customers, in violation of Section 32 of the Lanham Act.

47. The acts of Thakorji Maharaj in marketing, promoting, and renting rooms at the Facility through and with the counterfeit Days Inn® Marks were intentional.

48. Thakorji Maharaj intentionally used the counterfeit Days Inn® Marks in marketing, promoting, and renting rooms at the Facility with knowledge that the marks were counterfeit.

49. Thakorji Maharaj's on-going use of counterfeit Days Inn® Marks in violation of Section 32 of the Lanham Act is intentional, malicious, fraudulent, willful, and deliberate.

50. Thakorji Maharaj's on-going use of counterfeit Days Inn® Marks in violation of Section 32 of the Lanham Act has inflicted and continues to inflict irreparable harm on DIW.

51. DIW has no adequate remedy at law.

52. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

**FOURTH COUNT**
**Trademark Infringement under Texas Law**

53. DIW incorporates by reference the allegations in the proceeding paragraphs of the Complaint.

54. Thakorji Maharaj has used confusingly similar service marks in connection with the sale or offering of its guest lodging services that are likely to cause confusion as to the source or origin of the services.

55. Thakorji Maharaj imitated DIW's Days Inn® Marks by using them in connection with its guest lodging services, including signage.

56. Upon information and belief, Thakorji Maharaj knowingly acted with the intent to cause confusion between its services and DIW's services in violation of Vernon's Texas Statutes and Codes Annotated § 16.102.

57. Thakorji Maharaj's actions have injured DIW by misappropriating its business and/or impairing the goodwill associated with DIW's business conducted under the Days Inn® Marks.

58. Upon information and belief, Thakorji Maharaj intends to continue its infringing actions unless restrained by this Court.

**FIFTH COUNT**
**Unfair Competition under Texas Law**

59. DIW incorporates by reference the allegations in the preceding paragraphs of the Complaint.

60. Thakorji Maharaj has unfairly profited by using DIW's Days Inn® Marks or confusingly similar marks to promote their own services by including the marks on signage and other indicators of commercial source without DIW's authorization.

61. Thakorji Maharaj has been unjustly enriched and DIW has suffered damages from Thakorji Maharaj's violations of Texas statutory and common laws.

62. Upon information and belief, Thakorji Maharaj has made and will continue to make substantial profits and gains to which it is not entitled at law or in equity as a result of its infringing conduct.

63. Thakorji Maharaj's conduct described herein constitutes unfair competition under the common law of the State of Texas.

64. DIW has been damaged as a result of the actions of Thakorji Maharaj in violation of Texas law.

## PRAYER FOR RELIEF

**WHEREFORE,** DIW respectfully requests that this Court enter the following legal and equitable relief in favor of DIW and against Thakorji Maharaj as a result of its infringing conduct and its unfair competition practices:

A. A Judgment declaring that:

(1) Thakorji Maharaj has intentionally infringed the Days Inn® Marks in violation of the Lanham Act and Texas law;

(2) Thakorji Maharaj's actions have caused and will continue to cause confusion in the marketplace and constitute false designation of origin and unfair competition in violation of the Lanham Act and Texas law;

B. Entering a preliminary and permanent injunction enjoining and restraining Thakorji Maharaj and its affiliated and/or parent companies and their officers, agents, servants and other employees from using in commerce or in connection with any goods or services any mark, name or design that creates a likelihood of confusion with the Days Inn® Marks and from engaging in any other acts of unfair competition and in engaging in false designation of origin;

C. Awarding DIW all direct, damages, indirect, consequential (including lost profits), special damages, costs, fees and expenses incurred by reason of Thakorji Maharaj's trademark infringement, unfair competition, and false advertising.

D. Awarding DIW treble damages sustained as a result of the Thakorji Maharaj's unlawful conduct, pursuant to 15 U.S.C. § 1117(a);

E. Awarding DIW statutory damages in the amount of $2,000,000 as a result of Thakorji Maharaj's willful conduct, pursuant to 15 U.S.C. § 1117(c);

F. Ordering an accounting by Thakorji Maharaj to DIW for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility.

G. Awarding actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

H. Declaring that DIW, or its authorized agent, has the right, without prior notice to Thakorji Maharaj, to enter the property at the Facility and remove any and all exterior signage, exterior items and other exterior materials displaying the Days Inn® Marks.

I. Awarding DIW the maximum punitive damages available under Texas law.

J. Awarding DIW pre-judgment interest on any money awarded and made part of the judgment.

K. Awarding DIW its actual costs and attorneys' fees incurred in bringing this action pursuant to 15 U.S.C. §§ 1117(a) and 1125(c); and

H. Granting such other relief as the Court deems reasonable and just.

Respectfully submitted,

**LeClairRyan**

David V. Wilson, II
Federal I.D. No.:
State Bar No.:
Attorney in Charge
**LeClairRyan**
1233 West Loop South
Suite 1000
Houston, Texas 77027
Telephone No: (713) 654-1111
Facsimile No.: (713) 650-0027

OF COUNSEL:
**LeClairRyan**
Bryan P. Couch
NJ Attorney ID # 026242000
1037 Raymond Boulevard
16th Floor
Newark, New Jersey
Telephone: (973) 491-3600
Facsimile: (973) 491-3555
*Counsel for Plaintiff, Days Inns Worldwide, Inc.*

**CERTIFICATION PURSUANT TO L.R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: December 27, 2015

David V. Wilson, II
Federal I.D. No.:
State Bar No.:
Attorney in Charge
**LeClairRyan**
1233 West Loop South
Suite 1000
Houston, Texas 77027
Telephone No: (713) 654-1111
Facsimile No.: (713) 650-0027

OF COUNSEL:
**LeClairRyan**
Bryan P. Couch
NJ Attorney ID # 026242000
1037 Raymond Boulevard
16th Floor
Newark, New Jersey
Telephone: (973) 491-3600
Facsimile: (973) 491-3555
*Counsel for Plaintiff, Days Inns Worldwide, Inc.*

**VERIFICATION**

STATE OF NEW JERSEY )
) ss:
COUNTY OF MORRIS )

Suzanne Fenimore, of full age, being duly sworn according to law, upon her oath, deposes and says:

I am Senior Director of Contracts Compliance for Days Inns Worldwide, Inc. ("DIW"), which is plaintiff in this action.

I have read the foregoing Verified Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Verified Complaint are true based on my personal knowledge, the records of DIW and/or information available through employees of DIW.

SUZANNE FENIMORE

Sworn and subscribed to before me this 22ND day of DECEMBER, 2015

NOTARY PUBLIC

**CINDY J. O'CONNOR**
**Notary Public**
**State of New Jersey**
**My Commission Expires Feb. 13, 2020**